IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| ALEXIE CALDWELL AND JOSE ARA AS THE WRONGFUL DEATH STATUTORY BENEFIRICIARIES OF MAROLIN GARDNER; AND ALEXIE CALDWELL, INDIVIDUALLY AND AS NEXT FRIEND OF KAELOB CALDWELL, § § § § § § § § § | | |
| *Plaintiffs* § | | |
| vs. § | CASE NO. _____ | |
| CHRISTOPHER MICHAEL TELLES, JR.; and SAYERS CONSTRUCTION, LLC, § § § § § | JURY DEMANDED | |
| *Defendants* § | | |

## PLAINTIFFS' ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT**:

COME NOW Plaintiffs, Alexie Caldwell and Jose Ara, as the Wrongful Death Statutory Beneficiaries of Marolin Gardner, and Alexie Caldwell, Individually and as the Next Friend of Kaelob Caldwell, a minor, and for their Original Complaint against Defendants Christopher Michael Telles, Jr., and Sayers Construction, LLC, hereinafter Defendants, would respectfully show unto the Court the following:

### I. PARTIES

1.     Plaintiffs Alexie Caldwell and Jose Ara are residents of the State of Arkansas. Plaintiffs are the surviving children of Marolin Gardner, deceased, and bring their wrongful death claims pursuant to Tex. Civ. Prac. & Rem. Code § 71.004 as the sole statutory wrongful death

beneficiaries. Plaintiff Alexie Caldwell also brings this action individually and as next friend of and on behalf of Kaelob Caldwell, her son and a minor.

2.      Defendant Christopher Michael Telles, Jr. (Telles) is a resident of the State of Texas. Defendant Telles may be served at: Designated Agent for Service of Process, Texas Department of Criminal Justice, Byrd Unit, 21 FM 247, Huntsville, Texas 77320.

3.      Defendant Sayers Construction, LLC (Sayers) is a Texas entity with its principal place of business in Dripping Springs, Texas. Defendant Sayers is presently in bankruptcy in *In re: Sayers Construction, LLC*, Case No. 22-10838, in the United States Bankruptcy Court for the Western District of Texas, Austin Division. On July 10, 2023, the Honorable Shad Robinson granted Plaintiffs' motion to lift the automatic stay as to Defendant Sayers. While this entity's existence is listed by the Texas Secretary of State's office as "voluntarily terminated," pursuant to Section 11.356 of the Tex. Bus. Org. Code, Defendant Sayers continues in existence for the purpose of defending this action brought against Defendant Sayers and for the purpose of settling affairs not completed before termination. Defendant Sayers may be served as follows: Sayers Construction, LLC, by and through its President/managing member, Mark Sayers, 201 Whispering Valley, Dripping Springs, Texas 78620-4235.

## II. JURISDITION AND VENUE

4.      This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a) because the controversy exceeds to sum of $75,000 and is between citizens of different states.

5.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims alleged herein occurred in this judicial district.

### III. FACTS OF THE CASE

6. On September 2, 2022, at approximately 10:01 PM, Marolin Gardner and her seven (7) year old grandson, Kaelob Caldwell, were traveling in her Volkswagen Tiguan southbound on North State Line Avenue, in Texarkana, Texas, in the left-hand lane. Defendant Telles, who was intoxicated, was travelling in his Dodge RAM 2500 work truck northbound on North State Line Avenue when he crossed over the center line and struck Marolin Gardner's vehicle head-on, killing her and severely injuring Kaelob Caldwell.

7. At the time of the accident, Defendant Telles was an employee of Defendant Sayers. The vehicle driven by Defendant Telles and involved in the accident was owned by Defendant Sayers.

### IV. VICARIOUS LIABILITY AND RESPONDEAT SUPERIOR

8. At all times relevant hereto, Defendant Telles was an employee acting in his course and scope of his employment with and/or in furtherance of the business of Defendant Sayers. In addition to its independent negligence, Defendant Sayers is vicariously liable for the negligent actions of its employee, Defendant Telles.

### V. CAUSES OF ACTION

#### COUNT 1
#### NEGLIGENCE *PER SE*

9. Texas law prohibits the driving of a motor vehicle while under the influence of alcohol (Texas Penal Code § 49.04).

10. As a motorist and passenger on Texas' public roadways, Marolin Gardner and Kaelob Caldwell belonged to the class of persons the Texas law was intended to protect, and Marolin Gardner' death and Kaelob Caldwell's injuries were the type of injury or result that the Texas law is designed to prevent.

11. At the time of the accident, Defendant Telles was intoxicated in violation of Texas Penal Code § 49.04.

12. Defendant Telles' operation of Defendant Sayers' vehicle while intoxicated and in violation of Texas law proximately caused the death of Marolin Gardner and Kaelob Caldwell's injuries.

13. Plaintiffs are entitled to damage due to the negligence *per se* of the Defendants.

## COUNT 2
## NEGLIGENCE AND GROSS NEGLIGENCE

14. Defendants had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein.

15. The negligent, careless, and reckless disregard and breach of Defendants' duties consisted of, but are not limited to, the following acts or omissions:

   a. Defendant Telles was intoxicated while driving Defendant Sayers' vehicle;

   b. Defendant Telles failed to keep a proper lookout;

   c. Defendant Telles failed to maintain control of Defendant Sayers' vehicle;

   d. Defendant Telles failed to maintain Defendant Sayers' vehicle in the proper lane;

   e. In addition to the imputed negligence listed above, Defendant Sayers failed to properly instruct, supervise, and monitor Defendant Telles;

   f. In addition to the imputed negligence listed above, Defendant Sayers failed to have in place or implement or enforce proper safety policies, protocols, training, instruction, rules for safe transportation, and equipment to prevent its employees, like Defendant Telles, from driving its vehicles while intoxicated; and

   g. In addition to the imputed negligence listed above, Defendant Sayers negligently entrusted its vehicle to Defendant Telles.

16. Defendants' breaches of duty proximately caused the death of Marolin Gardner and Kaelob Caldwell's injuries.

17. Defendants were grossly negligent in that the acts and omissions herein of complained involved an extreme degree of risk with a very high probability and magnitude for potential harm to others; and Defendants possessed actual, subjective awareness of the risks involved but nevertheless proceeded in conscious indifference to others' rights, safety, or welfare.

18. As a result of Defendants' breaches of duty, Plaintiffs are entitled to damages.

## VI. WRONGFUL DEATH

19. This is a suit, in part, for the wrongful death of Marolin Gardner, and for which Plaintiffs Alexie Caldwell and Jose Ara, as the only statutory beneficiaries, bring suit pursuant to the provisions of Chapter 71 of the Tex. Civ. Prac. & Rem. Code, specifically, §§ 71.001 – 71.011 (Wrongful Death).

20. The Defendants committed acts of negligence, wrongful acts, gross negligence, carelessness, unskillfulness, or default which caused the death of Marolin Gardner. As a direct and proximate result of the occurrence made the basis of this lawsuit and the death of Marolin Gardner proximately caused by Defendants, and pursuant to Tex. Civ. Prac. & Rem. Code §§ 71.001 – 71.011 (Wrongful Death), Plaintiffs, as the surviving statutory wrongful death beneficiaries of Marolin Gardner, bring their claims for damages suffered in the past and, in all reasonable probability, will continue to suffer damages in the future as follows:

    a. Loss of companionship and society;

    b. Emotional pain, mental anguish, torment, and suffering;

Plaintiffs seek and are entitled to an award for these damages.

## VII. KAELOB CALDWELL'S DAMAGES

21. As a direct and proximate result of the occurrence made the basis of this lawsuit, Kaelob Caldwell was personally injured and incurred the following damages to which Plaintiff Alexie Caldwell, individually and on behalf of Kaelob Caldwell is entitled to recover:

   a. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff Alexie Caldwell for the necessary care and treatment of Kaelob Caldwell's injuries resulting from the accident complained of herein and the charges are reasonable and were the usual customary charges for the services;

   b. Reasonable and necessary medical care and expenses which are ongoing and will in all reasonable probability be incurred in the future;

   c. Physical pain and suffering in the past and future;

   d. Physical impairment in the future;

   e. Mental anguish in the past and future; and

   f. Physical scarring and disfigurement.

## VIII. EXEMPLARY DAMAGES

22. Plaintiffs are entitled to exemplary damages due to Defendants' heedless and reckless disregard of the safety of Marolin Gardner, Kaelob Caldwell, and Texas motorists.

## IX. PLAINTIFFS' JURY DEMAND

23. Plaintiffs demand a trial by jury.

## X.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs respectfully pray that, upon a final hearing of the cause, judgment be entered for Plaintiffs against Defendants for damages as claimed herein and to include exemplary damages; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment

interest at the legal rate, costs of court; and such other and further relief to which Plaintiffs may be entitled at law or in equity.

Dated this 9th day of October, 2023.

Respectfully submitted,

/s/  JIM WYLY
Jim Wyly
State Bar No. 22100050
Sean F. Rommel
State Bar No. 24011612
WYLY~ROMMEL, PLLC
4004 Texas Boulevard
Texarkana, Texas 75503
(903) 334-8646 (Telephone)
(903) 334-8645 (Facsimile)
jwyly@wylyrommel.com
srommel@wylyrommel.com

Shelly Dreyer (to apply *pro hac vice*)
Keegan Tinney (to apply *pro hac vice*)
DREYER & TINNEY LAW FIRM
2230 E. 32nd Street, Suite 202
Joplin, Missouri 64804
shelly@dryertinney.com
keegan@dryerkeegan.com

ATTORNEYS FOR PLAINTIFFS